IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEICHAI AMERICA CORP. AND POWER SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FOUAD ALI AND AURORA TECHNICAL NETWORK LLC D/B/A FLY PARTS GUY COMPANY, <br><br> Defendants. | Case No. 21-cv-2010 <br> Judge John F. Kness <br> Magistrate Judge Gabriel A. Fuentes |

**MOTION TO ENTER JUDGMENT**

Plaintiffs Weichai America Corporation and Power Solutions International, Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Motion to Enter Judgment against Defendants Fouad Ali ("Mr. Ali") and Aurora Technical Network d/b/a Fly Parts Guy Company ("Fly Parts Guy," together with Mr. Ali, "Defendants") in relation to the Court's March 28, 2024, order [Doc. 71] ("Contempt Order") granting Plaintiffs' Motion for Civil Contempt [Docs. 36-7, 69] (the "Contempt Motion"). In support hereof, Plaintiffs state as follows:

1. On October 28, 2022, Plaintiffs filed their Contempt Motion citing Defendants' violations a Consent Order and Decree (the "Consent Decree") entered by this Court on October 21, 2021 [Doc. 33].

2. In order to uncover and prove the extent of Defendants' contempt, and largely because of Defendants' evasiveness, Plaintiffs had to issue multiple rounds of written discovery (including to third-parties), thoroughly review several document productions totaling thousands of individual pages (with many of Defendants' documents produced being products in foreign

language requiring translation and extra review efforts), take the deposition of Mr. Ali, and participate in the preparation of an agreed preliminary injunction order [Doc. 49] to enjoin Defendants conduct while the Contempt Motion was pending. These efforts are described in further detail in Plaintiffs' Petition for an Award of Attorneys' Fees and Costs (the "Fee Petition") attached as **Exhibit A**.

3. On March 28, 2024, the Court granted the Contempt Motion, finding that Plaintiffs showed by clear and convincing evidence that Defendants violated an unequivocal command in the Consent Decree and, therefore, Defendants were found in civil contempt.

4. In granting the Contempt Motion, the Court awarded Plaintiffs a disgorgement of Defendants' ill-gotten profits in its Contempt Order. In Defendants' written discovery responses, they represented that they accumulated $21,815.32 in net profits through their violative sales. In his deposition, Mr. Ali confirmed the accuracy of this figure. While Plaintiffs believe that there may be bases to challenge the deductions Defendants have taken in calculating their net profits, Plaintiffs accept this figure as valid for purposes of this motion and seek $21,815.32 in disgorgement from Defendants.

5. Recognizing the resources that Plaintiffs had to expend to remedy Defendants' noncompliance with the Consent Decree, the Court also ordered that Defendants reimburse Plaintiffs for the reasonable attorneys' fees and costs Plaintiff incurred in bringing the Contempt Motion. As a result of the substantial and necessary case workup und, Plaintiffs' have incurred $121,234.05 in reasonable attorneys' fees and $2,369.20 in costs in bringing the Contempt Motion.

6. On August 1, 2024, Plaintiffs' counsel provided Defendants' counsel an itemized copy of their reasonable attorneys' fees and costs incurred in bringing the Contempt Motion. To date, Defendants have not supplied Plaintiffs any specific objections to any of Plaintiffs' counsels

attorneys' fees and costs. *See* Fee Petition, **Exhibit A** at **Exhibit 3** (redacted detail of Plaintiffs' reasonable attorneys' fees and costs).

7. In the Contempt Order, the Court directed the parties to confer regarding both the amounts of disgorgement and Plaintiffs' fees and costs. From March 28, 2024, through present, the parties have discussed settlement to no avail. Throughout the process, Defendants have caused numerous delays by failing to meaningfully respond to Plaintiffs' settlement proposals or submit their own offers for months at a time. For example, Plaintiffs have been waiting for a revised settlement proposal from Defendants since August 19, 2024, while Defendants have repeatedly informed Plaintiffs that they would be issuing a revised offer soon.

8. The last settlement correspondence that Plaintiffs received from Defendants was on October 11, 2024, wherein Defendants' counsel represented that he would be speaking with Defendants the following week and that a revised settlement offer would be forthcoming. Plaintiffs have not heard back from Defendants since October 11, 2024, and Plaintiffs have no reason to believe that Defendants will tender a revised settlement offer any time soon.

WHEREFORE, Plaintiffs Weichai America Corporation and Power Solutions International, Inc., respectfully request that this Court enter judgment in their favor, and against Defendants Fouad Ali and Aurora Technical Network d/b/a Fly Parts Guy Company, in accordance with its March 28, 2024, Contempt Order, in the amount of $145,418.57 (consisting of $121,234.05 in attorneys' fees, $2,369.20 in costs, and $21,815.32 in disgorgement), and for such other and further relief as this Court deems necessary.

Dated: October 31, 2024  HUSCH BLACKWELL LLP

By:  /s/ *Dieter J. Juedes*
Michael J. Hopkins
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
Phone: (312) 655-1500
Fax: (312) 655-1501
michael.hayes@huschblackwell.com
michael.hopkins@huschblackwell.com

-and-

Dieter J. Juedes
511 N. Broadway, Suite 1100
Milwaukee, WI 53202-5502
Phone: (414) 273-2100
Fax: (414) 223-5000
Dieter.Juedes@huschblackwell.com

***Attorneys for Plaintiffs Power Solutions International, Inc. and Weichai America Corporation***

4

## CERTIFICATE OF SERVICE

I, Dieter J. Juedes, an attorney, hereby certify that on October 31, 2024, I caused the foregoing, **Motion to Enter Judgment**, to be served on Defendants' counsel of record via the CM/ECF filing of this document.

/s/ *Dieter J. Juedes*